UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MILTON AL STEWART,** | ) | |
| Acting Secretary of Labor, | ) | |
| United States Department of Labor,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil action no.: 18-cv-1183 |
| | ) | Hon. Judge Hala Y. Jarbou |
| **AWP, INC. D/B/A** | ) | Hon. Magistrate Judge Sally J. Berens |
| **AREA WIDE PROTECTIVE**, an Ohio | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CONSENT JUDGMENT**</u>

Plaintiff, **MILTON AL STEWART**, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), having filed his Complaint and Defendant **AWP, INC. d/b/a AREA WIDE PROTECTIVE** ("Defendant"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this Consent Judgment without contest.

**Now, therefore**, upon motion for the attorneys for the Plaintiff and Defendant, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendant pursuant to section 17 of the Act as follows:

**IT IS HEREBY ORDERED AND ADJUDGED,** pursuant to section 17 of the Act, that the Defendant, its officers, agents, servants, successors, employees, and all persons in active concert or participation with it be and hereby are, enjoined and restrained from violating the provisions of

---

[1] By operation of law, Milton Al Stewart, Acting Secretary of Labor, is substituted for former Secretary of Labor Eugene Scalia, Fed. R. Civ. P. 25(d).

the Act, in any of the following manners, for a period of three years from the date of the Court's entry of this Consent Judgment.

I

Defendant shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any of its flaggers (referred to by AWP as "protectors") with an assigned AWP vehicle employed at any of Defendant's facilities in the States of Indiana, Michigan, and Ohio, who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed. Said flagger/protectors with an assigned AWP vehicle, who drive their partners to and from two-flagger/protector jobsites, shall have their time engaged in such driving activity counted as hours worked and paid the proper overtime premium for hours worked in excess of 40 in a workweek, beginning from the time they pick up the partner/protector at the beginning of the workday to the time they drop off the partner/protector at the end of the workday. This provision excludes employees' wholly voluntary decisions to carpool, without any direct or indirect implications by AWP to carpool together; in order to facilitate said carpooling, AWP shall designate parking at the jobsites, outside the work zone, to flaggers/protectors who choose to drive to the jobsite without carpooling. Where parking at the jobsites is infeasible, AWP agrees voluntary carpooling is not possible.

II

Defendant shall not fail to make, keep and preserve records of flaggers/protectors assigned AWP vehicles employed at any of Defendant's facilities in the States of Indiana, Michigan, and Ohio

and of the wages, hours and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. Defendant shall accurately and completely record the hours worked by flaggers/protectors assigned AWP vehicles, including their driving set forth hereinabove in paragraph I.

### III

Defendant shall not withhold payment of the total sum of $6,311.01, which represents the unpaid overtime compensation hereby found to be due, plus pre-judgment in the amount of $288.12, for the period of October 19, 2016 to November 25, 2017, to the present and former employees named and in the amounts set forth in Exhibit A, attached hereto and made a part hereof.

### IV

The monetary provisions of Paragraph III shall be deemed satisfied by Defendant upon the following:

   A. Defendant shall make a payment in the amount of $6,599.13 contemporaneously with execution of the consent judgment online via ACH transfer, credit card, debit card, or digital wallet at https://pay.gov/public/form/start/77692637. Defendant may also search for the payment form from the Pay.gov homepage by going to www.pay.gov, searching for "WHDBWMS" in the "Find Forms, Agencies…" search box, locating "WHD Back Wage Payment Form – Midwest Region" and clicking on the red "Continue to the Form" button.

3

B.  Defendant shall provide a schedule, in duplicate, showing the name, last-known address, gross amount due, pre-judgment interest, and social security number for each employee named in Exhibit A.

C.  Plaintiff will distribute the proceeds (less legal deductions for each employee's share of social security and Federal withholding taxes), to the persons listed in Exhibit A, and any amounts of unpaid minimum wage and overtime compensation not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of this Court, who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

D.  Defendant remains responsible for paying its share of any applicable taxes to the appropriate State and Federal revenue authorities.

V

Defendant shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendant or to someone else acting on behalf of the Defendant, any money in cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendant accept, or receive from any employee, either directly or indirectly, any money in cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendant under the provisions of this Consent Judgment or the Act.

4

## VI

Defendant, its agents, officers or employees shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendant for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendant or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

## VII

Except for these proceedings, and matters arising out of these proceedings and any subsequent proceedings between the parties, none of the foregoing agreements, statements, findings, and actions taken by Defendant shall be deemed an admission by Defendant of the allegations contained within the Complaint.  The agreements, statements, findings, and actions taken herein are made for the purpose of compromising and settling this matter amicably, and they shall not be used for any other purpose whatsoever, except as stated herein.

## VIII

It is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

## IX

**FURTHER**, this Court shall retain jurisdiction of this matter to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

**X**

Defendant shall notify and forward this Consent Judgment within three days of entry by the

Court to any potential buyer or successor.  Defendant shall provide a copy of Exhibit B, attached

hereto, to all current employees in Indiana, Ohio, and Michigan within thirty days of entry by the

Court, and to all new employees in Indiana, Ohio, and Michigan within seven business days of

hiring.

**SO ORDERED.**

**DATED** February 9, 2021

/s/ Hala Y. Jarbou

**HALA Y. JARBOU**
United States District Court Judge

The parties hereby consent to the entry of this Consent Judgment:

FOR THE SECRETARY OF LABOR:

**ELENA S. GOLDSTEIN**
Deputy Solicitor

**CHRISTINE Z. HERI**
Regional Solicitor

Brooke Worden                                              DATED: 2/9/21

**Brooke E. Worden** (IL 6299672)
Senior Trial Attorney
**JoAnn G. Lim** (IL 6300362)
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Rm 844, Chicago, IL 60604
Tel. (312) 353-1218/(312) 353-6990
Fax. (312) 353-5698
worden.brooke.e@dol.gov/ lim.joann.g@dol.gov

Attorneys for **MILTON AL STEWART**, Acting Secretary of Labor,
United States Department of Labor, Plaintiff

6

FOR AWP, INC.

_____          DATED: _2/5/21_

**COMPANY REPRESENTATIVE**


_____          DATED: _____

**Stan Green**
sgreen@sgandm.com
Strauch Green & Mistretta, P.C.
154 Dornach Way
Bermuda Run, North Carolina 27006
Telephone: (704) 564-9878


_____          DATED: _____

**Carl Gluek**
cgluek@frantzward.com
**Ryan T. Smith**
rsmith@frantzward.com
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: (216) 515-1660
Facsimile: (616) 515-1650

Attorneys for **AWP, INC.**, d/b/a
**AREA WIDE PROTECTIVE**, Defendant

FOR AWP, INC.

_____   DATED: _____

**COMPANY REPRESENTATIVE**

_____   DATED: 2/5/21

**Stan Green**
sgreen@sgandm.com
Strauch Green & Mistretta, P.C.
154 Dornach Way
Bermuda Run, North Carolina 27006
Telephone: (704) 564-9878

_____   DATED: _____

**Carl Gluek**
cgluek@frantzward.com
**Ryan T. Smith**
rsmith@frantzward.com
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: (216) 515-1660
Facsimile: (616) 515-1650

Attorneys for **AWP, INC.**, d/b/a
**AREA WIDE PROTECTIVE**, Defendant

FOR AWP, INC.

_____          DATED: _____
**COMPANY REPRESENTATIVE**


_____          DATED: _____
**Stan Green**
sgreen@sgandm.com
Strauch Green & Mistretta, P.C.
154 Dornach Way
Bermuda Run, North Carolina 27006
Telephone: (704) 564-9878

_____          DATED: 2/5/ 2021
**Carl Gluek**
cgluek@frantzward.com
**Ryan T. Smith**
rsmith@frantzward.com
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: (216) 515-1660
Facsimile: (616) 515-1650

Attorneys for **AWP, INC.**, d/b/a
**AREA WIDE PROTECTIVE**, Defendant

7

**EXHIBIT A**

| Employee | BWs Due | Prejudgment Interest |
|---|---|---|
| Bradley Blakeman-Lopez | $84.05 | $3.84 |
| Matthew Eli | $120.75 | $5.51 |
| Joel Fisher | $86.61 | $3.95 |
| Misty Garner | $24.60 | $1.12 |
| Matthew Geer | $173.84 | $7.94 |
| Ashley Hankins | $76.88 | $3.51 |
| Curtis Hatten | $161.18 | $7.36 |
| Jason Kelley | $71.75 | $3.28 |
| Holi Lenex | $266.50 | $12.17 |
| Anthony J. McCoy, Jr. | $494.20 | $22.56 |
| Shaun Plendner | $506.04 | $23.10 |
| Kyle Reile | $174.71 | $7.98 |
| Thomas Sallee | $537.56 | $24.54 |
| Bennie Sanders | $39.98 | $1.83 |
| Cody Simonson | $97.68 | $4.46 |
| Brock Thompson | $314.06 | $14.34 |
| Kylee Williams | $355.69 | $16.24 |
| Timothy Wurtz | $2,724.93 | $124.40 |
| **TOTALS:** | $6,311.01 | $288.12 |

Exhibit B

AWP's CARPOOLING POLICY

This policy is effective immediately for flaggers/protectors with an assigned AWP vehicle employed at any of our facilities in the States of Indiana, Michigan, and Ohio.  Flaggers, who drive their partners to and from two-flagger/protector jobsites, shall have such driving activity counted as hours worked and paid the proper overtime premium for hours worked in excess of 40 in a workweek, beginning from the time they pick up the partner/protector at the beginning of the workday to the time they drop off the partner/protector at the end of the workday.

This provision excludes employees' wholly voluntary decisions to carpool, without any direct or indirect implications by AWP to carpool together.  In order to facilitate said carpooling, AWP shall designate parking at the jobsites to flaggers who choose to drive to the jobsite without carpooling.  Where parking at the jobsites is infeasible, AWP recognizes voluntary carpooling is not possible.

9